OPINION
{¶ 1} Defendant-appellant Antoine R. Young appeals from his sentence for one count of Carrying a Concealed Weapon and one count of Having Weapons Under Disability. Following a jury trial, Young was convicted on both counts and was sentenced to one year for Carrying a Concealed Weapon, and three years for Having Weapons Under Disability, to be served consecutively, for a total sentence of four years.
 {¶ 2} Young's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT RELIED UPON CRITERIA SET FORTH IN A SENTENCING STATUTE WHICH SAID STATUTE HAS BEEN FOUND UNCONSTITUTIONAL."
 {¶ 4} Young relies upon State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, in support of his assignment of error. That opinion does, indeed, hold that the sentencing statute upon which the trial court relied in imposing consecutive sentences — R.C. 2929.14(E)(4) — is unconstitutional and must be severed from the statute.
 {¶ 5} The remedy prescribed by State v. Foster, supra, at ¶ 104, is the reversal of the sentence imposed, and the remanding of the cause to the trial court for re-sentencing in accordance with Foster. The State argues that Young waived this remedy when he failed to raise, in the trial court, the constitutional right to a jury trial acknowledged inBlakely v. Washington (2004), 542 U.S. 220, 125 S.Ct. 2531, 159 *Page 3 
L.Ed.2d 403. This waiver issue was specifically addressed and rejected in State v. Foster, supra, at ¶¶ 30 — 33.
 {¶ 6} Young's sole assignment of error is sustained. The sentence imposed by the trial court is Reversed, and this cause is Remanded for re-sentencing in accordance with State v. Foster, supra.
BROGAN and DONOVAN, JJ., concur.
Copies mailed to:
William T. Daly
Mark J. Keller
 Hon. Gregory F. Singer *Page 1